(No. 1065—Claim denied.)

Michael Jordan, Claimant, vs. State of Illinois, Respondent.

*Opinion filed September 14, 1926.*

Statute of limitations—*when claim barred by.* All claims against the State not filed within five years from the time of their accrual are barred by the statute of limitations, except as to persons under disability. (Par. 10, Sec. I, Court of Claims Act 1917.)

Scott, Bancroft, Martin, for claimant.

Oscar E. Carlstrom, Attorney General; Frank R. Eagleton, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

The claimant was a practicing attorney in the city of Boston, Massachusetts, on or about the thirtieth day of September, 1915, and it is alleged by claimant that Hon. Patrick J. Lucey, then Attorney General of the State of Illinois, entered into an arrangement with the claimant to perform certain legal services in connection with a certain suit by the People of the State of Illinois against one Samuel B. Raymond, formerly county treasurer of Cook county, Illinois, for recovery of inheritance taxes collected by him as such treasurer; that claimant received a payment of $500.00 as retainer and that the sum of money involved was a considerable amount.

There is no controversy at this time on the question of the amount of services or value of such services. The only question before the court for consideration, is raised by the defendant, the State of Illinois, in its plea of the Statute of Limitations.

After consideration of the pleas and exhibits filed, and argument of counsel, it appears to the court that more than five years had elapsed before the filing of the claim in this court and that there appears to be no new promise or any other element that would take the matter out of the Statute

of Limitations and also in view of Paragraph 10 of Section 1 of the Court of Claims Act, which reads as follows: "Every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the Secretary of the court within five years after the claim first accrues, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrued, two years from the time the disability is removed," it is considered by the court that said action cannot be maintained in this court.

It is therefore considered by the court that the plea of the Statute of Limitations be sustained and for that reason the case is dismissed.